UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAUL TORRES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID B. LONG, Warden,<br><br>　　　　　Respondent. | No. CV 14-1152-PLA<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**SUMMARY OF PROCEEDINGS**

On May 17, 2011, a Los Angeles County Superior Court jury convicted petitioner of second degree robbery (Cal. Penal Code § 211), and second degree commercial burglary (Cal. Penal Code § 459). (Reporter's Transcript ("RT") 154, 182-85; Clerk's Transcript ("CT") 122-23, 127-28, 162-63). Petitioner admitted that he served a prior prison term within the meaning of California Penal Code § 667.5(b) in connection with a 2006 conviction. Petitioner also admitted that he suffered a prior felony conviction in 2001 for assault with a firearm (California Penal Code § 245(a)(2)). The trial court determined that the 2001 conviction constituted a "strike" under the

Three Strikes Law, and sentenced petitioner to ten years in state prison.[1] (RT 1, 5-8, 189-91, 196-99; CT 30-31, 158-63).

Petitioner filed a direct appeal. On June 25, 2012, the California Court of Appeal affirmed the conviction in an unpublished decision. (Lodgment Nos. 3, 4). Petitioner did not file a petition for review in the California Supreme Court.

Petitioner sought habeas relief in the California courts. His first petition, filed in the Los Angeles County Superior Court, was denied on April 17, 2013. (Lodgment Nos. 5, 6). His next petition, filed in the California Court of Appeal, was denied on May 7, 2013. (Lodgment Nos. 7, 8). His third petition, filed in the California Supreme Court, was denied on August 14, 2013. (Lodgment Nos. 9, 10).

Petitioner then filed a second petition in the California Court of Appeal, which was denied on August 5, 2013. (Lodgment Nos. 11, 12). He subsequently filed a second petition in the California Supreme Court, which was denied on November 20, 2013, with a citation to In re Waltreus, 62 Cal.2d 218, 225 (1965).[2]

On February 13, 2014, petitioner filed his Petition in this Court, and consented to have the undersigned Magistrate Judge conduct all further proceedings in this matter. On April 4, 2014, respondent filed an Answer to the Petition, and on April 7, 2014, also consented to have the undersigned Magistrate Judge conduct all further proceedings. On April 17, 2014, petitioner filed a Reply to the Answer.

This matter has been taken under submission, and is ready for decision.

/

/

---

[1] Under California's Three Strikes Law, a court must sentence a defendant with one or more prior "strikes" -- that is, certain felony convictions -- to an enhanced sentence. See Cal. Pen. Code § 667. Only "serious" felonies (see Cal. Pen. Code § 1192.7(c)) or "violent" felonies (see Cal. Pen. Code § 667.5(c)) count as prior "strikes." See Cal. Pen. Code § 667(d)(1).

[2] In Waltreus, the California Supreme Court held that a habeas petition cannot be used as a "second appeal" of claims that had been previously rejected on direct review. Waltreus, 62 Cal.2d at 225.

II.

**STATEMENT OF FACTS**

The Court adopts the following factual summary set forth in the California Court of Appeal's Opinion affirming petitioner's conviction.[3]

> [O]n December 31, 2010, Justin Rima, a loss prevention agent at a Cerritos Best Buy store, heard the alarm go off in the appliance department at approximately 5:30 p.m. It was a half hour before closing. Rima ran to the emergency exit and found the door ajar. He looked outside and saw a green or black car parked parallel to the door. Rima identified [petitioner] in court as the person he saw loading laptops into the backseat of the car. Rima could tell by the boxes that one was a Dell and one was a Toshiba. Rima said, "What the fuck are you doing?" The driver of the car pointed a gun at Rima and said, "Don't fucking worry about it." Rima was shaken up, and he backed away. [Petitioner] jumped into the backseat of the car, and it left. As the car drove away, Rima heard cheering noises from the two men. Rima called the sheriff. Upon viewing the store's security footage, Rima identified [petitioner] entering the store and inside the store. The store manager, Tony Bauguess, ascertained that one Dell computer was missing.
>
> Shortly before the robbery, at approximately 5:18 p.m., [petitioner] was stopped driving a dark green Lexus without a rear license plate. He had a male passenger. [Petitioner] gave the officer his driver's license and retrieved the license plate from the rear floorboard. The traffic stop occurred about one block from the Best Buy store.
>
> Detective Randall Algra responded to a location on East Appleton Street in Long Beach on January 4, 2011. The location was near [petitioner's] residence, and Detective Algra saw a dark green Lexus parked nearby. The Lexus had the same license number as the car [petitioner] was driving on December 31, 2010. Detective Algra searched the Lexus and found a replica of a black semiautomatic handgun on the right rear passenger floorboard.
>
> The parties stipulated that [petitioner] was detained by detectives on January 4, 2011. Upon searching [petitioner], the detectives found a cell phone, which they handed over to Detective

---

[3] The Court "presume[s] that the state court's findings of fact are correct unless [p]etitioner rebuts that presumption with clear and convincing evidence." Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008) (citations omitted); 28 U.S.C. § 2254(e)(1). Because petitioner has not rebutted the presumption with respect to the underlying events, the Court relies on the state court's recitation of the facts. Tilcock, 538 F.3d at 1141. This presumption applies even if the finding was made by a state court of appeals, rather than by a state trial court. Pollard v. Galaza, 290 F.3d 1030, 1035 (9th Cir. 2002). However, to the extent that an evaluation of petitioner's individual claims depends on an examination of the trial record, the Court herein has made an independent evaluation of the record specific to those claims.

> Aaron King. There were photographs on the cell phone depicting a computer and a computer box for exactly the type of computer taken from Best Buy.

(Lodgment No. 4 at 2-3).

## III.

## PETITIONER'S CONTENTIONS

1. Petitioner's constitutional rights were violated when a prior conviction was deemed a "strike" and was used to enhance his current sentence. (Petition at 5, Exhibits A-C).

2. Petitioner's prior guilty plea is invalid. (Petition at 5, Exhibits A-C).

## IV.

## STANDARD OF REVIEW

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Under the AEDPA, a federal court may not grant a writ of habeas corpus on behalf of a person in state custody "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As explained by the Supreme Court, section 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In Williams, the Court held that:

4

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13; see Weighall v. Middle, 215 F.3d 1058, 1061-62 (9th Cir. 2000) (discussing Williams). A federal court making the "unreasonable application" inquiry asks "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409; Weighall, 215 F.3d at 1062. The Williams Court explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; accord: Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings," Lindh, 521 U.S. at 333 n. 7, and "demands that state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (per curiam). A federal court may not "substitut[e] its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d)." Id.; Early v. Packer, 537 U.S. 3, 123 S.Ct. 362, 366, 154 L.Ed.2d 263 (2002) (per curiam) (holding that habeas relief is not proper where state court decision was only "merely erroneous").

The only definitive source of clearly established federal law under the AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412. While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law (Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999)), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. Williams, 529 U.S. at 412; Moses v. Payne, 555 F.3d 742, 759 (9th Cir. 2009). Furthermore, under 28 U.S.C.

§ 2254(e)(1), factual determinations by a state court "shall be presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing evidence."

A federal habeas court conducting an analysis under § 2254(d) "must determine what arguments or theories supported, or, [in the case of an unexplained denial on the merits], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). In other words, to obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

The United States Supreme Court has held that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Here, petitioner's claim in Ground One was addressed in reasoned decisions by the California Court of Appeal on direct appeal, and later by the Los Angeles County Superior Court on habeas review. (See Lodgment Nos. 4, 6). The California Supreme Court subsequently denied the claim on habeas review in a summary denial issued on August 14, 2013. (See Lodgment No. 10). Under these circumstances, the Court "looks through" the California Supreme Court's unexplained denial to the habeas ruling issued by the Los Angeles County Superior Court, which was the last reasoned decision.[4]  See Ylst, 501 U.S. at 803;

---

[4] Although petitioner presented his claim in Ground One in his direct appeal as well as in his round of habeas petitions filed in the California courts (Lodgment Nos. 3-10), he also filed two additional state habeas petitions -- on July 29, 2013, in the California Court of Appeal and on August 19, 2013, in the California Supreme Court -- in which he submitted further documentation to support this claim. The California Court of Appeal rejected petitioner's supplementary petition
(continued...)

6

Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (district court "look[s] through" to the last reasoned decision as the basis for the state court's judgment). With respect to Ground Two, in which petitioner challenges the validity of his prior plea conviction, this claim is barred from federal habeas review.

**V.**

**DISCUSSION**

**GROUND ONE:    PRIOR CONVICTION NOT A "STRIKE"**

In Ground One, petitioner asserts that his prior conviction was wrongly deemed a "strike" for sentencing purposes.  (Petition at 5, Exhibits B-C).

**A.    Summary of Relevant Facts**

In connection with the instant offense, petitioner was charged with the following prior conviction: in Case No. VA057006, a 2001 conviction for violating California Penal Code § 245(a)(2) (assault with a firearm).  Although petitioner admitted this conviction, the question of whether it qualified as a serious or violent felony "strike" was reserved for the trial court to determine.  (RT 5-8, 189-90).

After the guilty verdicts were returned, and after conducting a hearing on the matter, the trial court determined that the prior conviction qualified as a serious or violent felony.  In making this determination, the trial court stated it had reviewed and taken judicial notice of the relevant case file, including the information which showed that petitioner had been charged with assault with a firearm against two victims, and had reviewed the plea form.  The trial court also reviewed

---

[4](...continued)
without comment or citation, while the California Supreme Court issued a denial on November 20, 2013, with a citation to In re Waltreus.  (Lodgment Nos. 11-14).  Respondent argues that, based on the Waltreus denial, petitioner's claim in Ground One is procedurally barred.  (Answer at 3-6). The Court disagrees.  Petitioner's main claim was presented to the California Supreme Court in his first petition filed in that court.  (Lodgment No. 9).  The first petition was rejected on the merits in a summary denial issued on August 14, 2013.  (Lodgment No. 10).  Only petitioner's supplementary petition that added additional exhibits was rejected under Waltreus.  (Lodgment Nos. 13, 14).  Under these circumstances, petitioner's claim in Ground One is not procedurally barred.

the transcript of petitioner's sentencing, which showed that petitioner had been advised that the conviction would be considered a "strike" and that it might result in an enhanced sentence in any future criminal convictions. (RT 189-91).

Specifically, at the May 8, 2001, plea hearing for Case No. VA057006, petitioner was informed that "[t]his charge may serve to enhance any future felonies you may be convicted of and may be considered a strike." (Lodgment No. 9, Exhibit A at 2, 5). When asked if he understood, petitioner replied, "Yes, maybe." Petitioner's counsel stated, "We're saying maybe because it's a strike." The prosecutor replied, "The state of the law isn't in question but it may be considered as a strike. [¶] Do you understand that?" Petitioner replied, "Yes." The prosecutor then indicated for the record that petitioner was an aider and abettor in the crime. Petitioner subsequently entered his guilty plea. (Id. at 5-6).

**B.     The California Court of Appeal's Opinion**

On direct appeal, the California Court of Appeal rejected petitioner's challenge to his prior conviction being deemed a "strike" offense. The court explained in pertinent part:

> To be considered a strike, a prior conviction must be for a serious felony (as defined in § 1192.7, subd. (c)), or a violent felony (as defined in § 667.5, subd. (c)). (§ 667, subd. (d)(1).) At the time [petitioner] committed the assault with a firearm, that offense was only a serious felony if the defendant personally used a firearm, which the prosecution conceded [petitioner] had not done. (See People v. Rodriguez (1998) 17 Cal.4th 253, 261.) In March 2000, the electorate approved Proposition 21, which expanded the list of serious felonies to include "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245," omitting any requirement for personal use. (§ 1192.7, subd. (c)(31); People v. Winters (2001) 93 Cal.App.4th 273, 276-277.) Although [petitioner's] offense, to which he pleaded guilty in May 2001, was committed before the enactment of Proposition 21, plea bargains are "'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws. . . .'" (People v. Gipson (2004) 117 Cal.App.4th 1065, 1070.)
>
> [Petitioner's] current offenses were committed after Proposition 21 was enacted. Section 667.1, which was enacted as part of Proposition 21, provides that "[n]otwithstanding subdivision (h) of section 667, for all offenses committed on or after the effective date of this act, all references to existing statutes in subdivisions (c) to (g), inclusive, of Section 667 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by the act . . . ." Thus, the revised list of qualifying offenses

8

> enacted with Proposition 21 brings to bear the full effect of the three strikes law upon [petitioner's] current convictions. In People v. James (2001) 91 Cal.App.4th 1147, we held "that if a defendant's current offense was committed on or after the effective date of Proposition 21, a determination whether the defendant's prior conviction was for a serious felony within the meaning of the three strikes law must be based on the definition of serious felonies in Penal Code section 1192.7, subdivision (c) in effect on March 8, 2000." (Id. at p. 1150.) Thus, under the law in effect at the time of [petitioner's] current offense, the trial court properly determined that [petitioner's] prior conviction constituted a strike for purposes of the three strikes law. Moreover, . . . [petitioner] was thoroughly advised regarding the potential strike consequences of his plea.

(Lodgment No. 4 at 6-7).

### C. Petitioner's Claim Fails

As a threshold matter, it is well established that habeas relief is not available for state law errors that are not of a constitutional dimension. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is unavailable for alleged error in the interpretation or application of state law). Petitioner's claim that his prior conviction does not qualify as a "strike" is therefore not cognizable in this federal habeas action because it pertains solely to state sentencing law. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) ("Whether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law.").

In any event, as the Los Angeles County Superior Court noted in its reasoned denial, at the time petitioner entered his plea of guilty to assault with a firearm, he was specifically informed that it could be used to enhance his sentence in any subsequent criminal conviction. (Lodgment No. 6). This advisement petitioner received at his plea hearing was in accord with California law. As set forth by the California Court of Appeal in its denial of petitioner's appeal, Proposition 21, which went into effect in March 2000, expanded the list of crimes that qualify as "strikes." In particular, prior to March 2000, the crime of assault with a firearm constituted a "strike" only if was found that there was personal use of a firearm. Proposition 21, however, omitted the "personal use"

requirement.[5] The court of appeal explained that, under California law, whether petitioner's prior offense (which was committed in 1999) constituted a "strike" is based on whether it was a "strike" when the current offense was committed, and not when the prior offense was committed. (Lodgment No. 4 at 5-7). See People v. Alvarez, 100 Cal.App.4th 1170, 1179, 122 Cal.Rptr.2d 859 (Cal.App. 2 Dist. 2002) (determination of whether a prior offense constituted a "strike" is based on the crime's status as a "strike" when the current offense was committed). Because, pursuant to Proposition 21, the crime of assault with a firearm (without any personal use requirement) was a "strike" at the time petitioner's current offense was committed, the trial court properly determined that petitioner's prior conviction constituted a "strike" for purposes of the Three Strikes Law. (Lodgment No. 4 at 6-7).

The court of appeal's interpretation of state law is binding on this Court. See Mullaney v. Wilbur, 421 U.S. 684, 690-91 fn. 11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) ("state courts are the ultimate expositors of state law" and a federal court is bound by the state court's construction except when it appears to be an obvious subterfuge to evade the consideration of a federal issue); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (federal courts are bound by state court rulings on questions of state law). Accordingly, because petitioner's 2001 conviction qualified as a "strike" under California law, his claim challenging that determination is without merit. Habeas relief is denied for Ground One.[6]

**GROUND TWO:   INVALID PRIOR CONVICTION**

In Ground Two, petitioner challenges the constitutional validity of his 2001 guilty plea by arguing that his attorney who represented him at the plea hearing rendered ineffective assistance. Specifically, petitioner claims that his plea was not intelligent, because prior to the plea hearing,

---

[5] With respect to petitioner's 2001 conviction, it was stated on the record at the plea hearing that petitioner was an aider and abettor in the crime and there was no finding of personal use. (Lodgment No. 9, Exhibit A at 5-6).

[6] In denying habeas relief, the Court has considered petitioner's exhibits submitted in support of this claim (see Petition, Exhibits B, C), and finds that none refutes the determination that his 2001 guilty plea constituted a felony "strike" conviction.

he believed that he was pleading guilty to California Penal Code § 245(a)(1) (assault with a deadly weapon), but that at the hearing, the charge was changed to Section 245(a)(2) (assault with a firearm), and his counsel at the time failed to advise him about the effects of pleading guilty to the latter charge. (Petition, Exhibit A).

In Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court held that, absent certain exceptions, a federal habeas petitioner cannot attack his prior conviction under § 2254. 532 U.S. at 401-05. In stressing that its decision was grounded on the need for finality in state convictions and the ease of administration, the Lackawanna Court stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. (Citation omitted). If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id., 532 U.S. at 403-04.

Here, none of the exceptions to the Lackawanna rule applies. First, petitioner does not allege that he was deprived of counsel in connection with his 2001 conviction. Rather, he only challenges the competency of his representation with respect to the prior plea. See Lackawanna, 532 U.S. at 404; see also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Next, petitioner does not assert that the state court, without justification, refused to rule on a properly presented constitutional claim challenging the validity of his plea. See Lackawanna, 532 U.S. at 405; Dubrin v. California, 720 F.3d 1095 (9th Cir. 2013) (recognizing exception to Lackawanna where state courts had, "'without justification, refuse[d] to rule on a constitutional claim that ha[d] been properly presented' to them"). Nor does petitioner assert that evidence of actual innocence was discovered after the time for review had expired. See Lackawanna, 532 U.S. at 405.

As shown, petitioner's case does not fall within any of the exceptions to the Lackawanna bar. Thus, his claim that his prior conviction was unconstitutional -- and in particular his claim that

his prior plea is invalid because his counsel at the time performed deficiently by not properly advising him regarding the plea -- is foreclosed under Lackawanna.

Additionally, to the extent petitioner asserts that his counsel with respect to the instant offense was deficient for failing to challenge the prior conviction on the ground that his prior counsel rendered ineffective assistance, his claim lacks merit. To obtain relief on an ineffective assistance of counsel claim, a petitioner must show two things: (1) that his counsel performed deficiently, i.e., his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, i.e., that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In California, "a criminal defendant may not challenge a prior conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital offense." Garcia v. Superior Court, 14 Cal.4th 953, 956 (1997). Thus, at sentencing, any attempt by petitioner's counsel to move to dismiss the prior conviction on the ground of ineffective assistance of prior counsel would have been futile. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (counsel's failure to take futile action is not deficient performance). Moreover, there was no apparent basis for petitioner's counsel to question the validity of the prior conviction, and there is no indication that petitioner at any time informed his counsel of his belief that the 2001 conviction was unconstitutional. See Baldocchi v. Alameida, 2004 WL 859329, at *17 (N.D. Cal. April 16, 2004) (counsel's failure to investigate a conclusively valid prior conviction was not unreasonable); Ray v. Kernan, 1995 WL 733671, at *3 (N.D. Cal. Nov. 30, 1995) ("[F]ederal courts have attributed no constitutional significance to the failure of counsel, representing a defendant who entered a plea of guilty on the enhancement count ... to pursue an independent inquiry into the validity of the prior conviction. [citation omitted]. This holds true even without reference to the record of the proceedings in the prior conviction."). In any event, the record shows that petitioner's counsel challenged the prior conviction in two ways: first, by arguing that it did not qualify as a "strike" offense; and second, by requesting that the trial court dismiss the prior conviction in furtherance of justice pursuant to California Penal Code § 1385. (See CT 138, 142-47). On this record,

petitioner cannot show that his counsel at the instant sentencing hearing was constitutionally ineffective for failing to properly challenge the 2001 conviction.

For these reasons, habeas relief is denied for Ground Two.

**CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when it denies a state habeas petition. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). Thus, "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

The Court concludes that, for the reasons set out above, jurists of reason would not find the Court's assessment of petitioner's claims debatable or wrong. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

/
/
/
/

## VI.

## **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Judgment is entered denying and dismissing the Petition with prejudice. A certificate of appealability is also denied.

DATED: May 21, 2014

                                             /s/ Paul L. Abrams
                                             PAUL L. ABRAMS
                                             UNITED STATES MAGISTRATE JUDGE